# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

GKC BEARD INVESTMENTS, LLC, )
a Florida Limited Liability Company, )
                                        )
               Plaintiff,             )
                                        )
v.                                         )       Case No. CIV-17-562-R
                                        )
BEARD OIL COMPANY, a       )
Delaware Corporation,            )
                                        )
               Defendant.      )

## ORDER

       This matter is before the Court on the parties' cross-motions for summary judgment. In Defendant's motion it asserts that it is not liable on a guaranty it executed on March 11, 2011, with extensions in September 2011 and March 2012, because Plaintiff has failed to establish it was holder of the note at the time it filed this action, and therefore Plaintiff failed to establish standing. Defendant further contends the five-year limitation period expired before Plaintiff filed this action to recover under the March 12, 2011 guaranty executed by Beard Oil Company and promising to pay the debt incurred by Beard Oil Equipment Company from Plaintiff's predecessor in interest, Ardmore Investments 2010 LLC, should Beard Oil Equipment Company default on the promissory note. Plaintiff's motion for summary judgment asserts that Defendant is in default of its guaranty, which it does not deny, responding by relying on the same defense and affirmative defense raised in its motion for summary judgment. The Court ordered supplemental briefing and oral argument on the motions; having considered the parties' submissions, the Court finds as

follows.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "By its very terms, [the Rule 56] standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis in original).

The Court first rejects Defendant's contention that Plaintiff failed to establish standing because it did not attach a copy of the guaranty and the papers by which it obtained its right to seek payment from the Guarantor to the Complaint herein.

> The [Oklahoma] Supreme Court set a simple procedure to enforce these requirements by requiring a *prima facie* showing of the right to enforce. A foreclosing party may, at the time of filing, attach a copy of a suitably endorsed note demonstrating possession and a right to enforce, or some other paper demonstrating the rights of a holder. If it does not do so, the petition is subject to dismissal. The defect may be cured by later submission of some document showing a *prima facie* right to enforce at the time the petition was filed. However, evidence produced after the petition, and showing only a right to foreclose at an unspecified time, does not meet this burden.

*Deutsche Bank Nat. Tr. Co. v. Roesler*, 2015 OK CIV APP 36, ¶ 12, 348 P.3d 707, 711–12. Although Plaintiff did not append the relevant allonge with endorsements to the Complaint, the current filings establish that the rights under the Note and Guarantees were transferred to Plaintiff by Ardmore Investments 2010, LLC effective July 22, 2012, well before the May 15, 2017 filing of this action. The cases upon which Defendant relies

2

involved the filing of undated endorsements, which made it impossible for the court to grant summary judgment in favor of party seeking to collect on the guaranty, because it could not establish from the record that at the time of the filing of the action the plaintiff was entitled to recover on the note. The rule, however, does not require evidentiary proof at the time of filing. *See e.g. BAC Home Loan Servicing, L.P. v. Swanson*, 2013 OK 25, 275 P.3d 144, 146 (Case filed by BAC on August 10, 2009, on December 23, 2009, BAC files an allonge showing a blank endorsement and therefore a question of fact as to when BAC became entitled to enforce the note). Accordingly, Defendant's motion for summary judgment is denied as to its contention that Plaintiff lacks standing to recover under the Guaranty.

There is no dispute that the Note herein, as extended, is in default or that Defendant Beard Oil Company, guaranteed payment of the same.[1] Nor is there any dispute that a five-year statute of limitations period applies. Okla. Stat. tit. 12 § 95(1). Defendant contends, however, that Plaintiff's claim is untimely, the dispute focusing on when the cause of action against Defendant guarantor accrued. Defendant Beard Oil Company argued it accrued on April 15, 2012, and thus this lawsuit, filed more than five years from that date, is untimely. *See* Okla. Stat. tit. 15 § 332 ("A guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice"); *see also Cadle Co. v. Bianco*, 1992 OK CIV APP 175, 849 P.2d 437 (noting that the statute of limitations begins to run when a cause of action accrues and a guarantor is immediately

---

[1] The Note was executed on March 11, 2011 by Beard Oil Equipment Co., the borrower, and Ardmore Investments 2010, LLC, as lender. As noted above, Ardmore Investments 2010, LLC transferred its interest to Plaintiff in 2012.

liable upon default of the principal). Citing a September 4, 2012 letter from Greg Conner to Herb Mee and Craig Brown of the Beard Oil Company, Defendant argues that Plaintiff conceded the April 15, 2012 default.[2] Defendant also relies on a June 28, 2012 letter from counsel for Ardmore Investments 2010, LLC to The Beard Company, Defendant's parent company, stating,

> This law firm represents the Lender. Pursuant to Paragraph 2 of the Note and Mortgage Extension agreement dated March 12, 2012, the Borrower [Beard Oil Equipment Company] was obligated to pay a $77,500.00 extension fee as follows: $20,000 on or before April 15, 2012; $20,000.00 on or before May 15, 2012; and the balance of $27,500.00 on September 12, 2012.
> To date, the Borrower has only paid $10,000.00 of this amount. Accordingly, the Borrower is in default under its obligations.

Doc. No. 47-1.[3]

In response to the motion Plaintiff makes two arguments: (1) Greg Conner's statement in the September 4, 2012 letter was in error; and (2) regardless, the earliest date of default was May 15, 2012, the date a partial extension payment under the terms of the May 15, 2012 extension went unpaid. Doc. No. 33. The Court ordered the parties to supplement their briefing, and upon supplementation Plaintiff made additional arguments regarding the statute of limitations, arguing that the Note was in default on June 22, 2012,

---

[2] Although the exact nature of Greg Conner's involvement in this action is unclear, he was an original guarantor of the Note as well as an indemnitee. He was manager of Plaintiff, GKC Beard Investments, LLC, which was formed in order to acquire the original Note from Ardmore Investments 2010, LLC, and made payments on the Note prior to acquisition thereof by Plaintiff, a condition of its acquisition.

[3] The borrower and lender entered into an extension on March 12, 2012 extending the maturity date to September 12, 2012, and calling for payments of $20,000 on both April 15, 2012, May 15, 2012, and $37,500 on the date of maturity in exchange for the extension. According to a March 20, 2012 letter from The Beard Company to Akerman Senterfitt, counsel for Ardmore Investments 2010, LLC, three post-dated checks were provided to cover the fees affiliated with the extension. Defendant asserts the debtor stopped payment on the April 15, 2012 check, and at the June 25, 2018 hearing, counsel for Plaintiff conceded the borrower did not receive the April 15, 2012 payment from Beard Oil Equipment Company. A May 3, 2012 check for $10,000 indicates it is an "extension fee payment." Presumably this is the $10,000 referenced in the June 28, 2012 letter quoted herein.

when Ardmore Investments 2010, LLC declared default. (Doc. No. 43, p. 5). Plaintiff's contention, simply stated, is that "[u]ntil the Holder of the Note, then Ardmore Investments, declared the Note in default, the Note was not in default; therefore the statute of limitations did not being to run." (Doc. No. 45, p. 2).[4]

> A guaranty is a "promise to answer for the debt, default or miscarriage of another person." 15 O.S.2011, § 321. The obligations of a guarantor "are purely contractual." *Founders Bank & Trust Co. v. Upsher*, 1992 OK 35, ¶ 10, 830 P.2d 1355, 1361. The guarantor's promise "creates a collateral obligation independent and separately enforceable from that of the principal debtor ... and the inquiry must, in each case, focus on the precise terms of the guarantor's undertaking—the dimension or breadth of the promise." *Riverside Nat'l Bank v. Manolakis*, 1980 OK 72, ¶ 9, 613 P.2d 438, 441. The parties' intent at the time they entered into the agreement controls the meaning of the written contract, and the precise terms and the extent of the guarantor's promise "govern the breadth of the obligation." *Upsher*, 1992 OK 35, at ¶ 10, 830 P.2d at 1361.

*People's Nat'l Bank v. Allison*, 2016 OK CIV APP 51, 377 P.3d 1285, 1287–88. Accordingly, the Guaranty executed by the original lender and Defendant Beard Oil Company is a separate contract from the March 11, 2011 Note between Ardmore Investments 2010, LLC and Beard Oil Equipment Company. The Guaranty contains the following provisions:

> [T]he Borrower, as applicable, shall make full and prompt payment of the principal, interest, premiums, penalties and late charges, if any, required to be paid by Borrower, as applicable, pursuant to the Note and/or the Loan Documents, and any renewals, replacements, extensions or modifications

---

[4] The transactions herein relied in part on the submission of post-dated checks from the borrower to the lender, including the payments for the fees associated with the extension agreement. Plaintiff contends that according to the underlying Note, funds were applied when received, and therefore, the post-dated April 15, 2012 check was effective to avoid the accrual of its claim. However, Defendant asserts, and Plaintiff does not dispute, that Beard Oil Equipment Company requested that its bank stop payment on the April 15, 2012 check. Therefore, although Plaintiff may have held a post-dated check with the promise of payment, such promise evaporated when payment thereon was stopped. The financial statement created by Plaintiff in response to the Court's prior Order shows that seven post-dated checks were reversed from application to the Loan on June 22, 2012, without explanation as to how or why Plaintiff chose such date.

5

> thereof, when and as the same shall become due, whether at the stated maturity thereof, by acceleration or otherwise.

Doc. No. 27-3.

> **Section 2.1** The Guarantor hereby absolutely and unconditionally guarantees to the Lender (a) the full and prompt payment of the principal, interest, premiums, penalties and late charges, if any, required to be paid by Borrower pursuant to the Note and/or Loan Documents or any renewals, replacements, extensions or modifications thereof when and as the same shall become due, whether at the stated maturity thereof, by acceleration or otherwise, and (b) the full and prompt performance of all other obligations, if any, required to be performed by the Borrower pursuant to the Note and/or Loan Documents as and when the same shall become due ….

*Id.* Defendant's guarantees were absolute, unconditional, and the Lender was permitted to proceed directly against Defendant Beard Oil Company without first seeking relief against the borrower or any other guarantor

> [i]n the event of a default in the payment of the principal, penalties and late charges, if any, or interest on the Note when and as the same shall become due, whether at the stated maturity thereof, by acceleration or otherwise, or in the event of any default under either or both of the Loan Documents or any instrument collateral or supplemental thereto . . . .

*Id.* at § 2.5. Additionally, Defendant concurred with the extensions of the Note, which included the obligation to pay the $20,000 extension fees in both April and May 2012 for the March 2012 extension.

This case has similarities to one from Massachusetts. There, the lender's successor argued a claim against the guarantor did not accrue until foreclosure of the underlying debt. Relying on language in the guaranty, the court concluded otherwise:

> [T]he defendant guaranteed prompt payment and faithful performance of every condition under the note and specifically relieved the holder from having to pursue or exhaust any rights or remedies against the trust or the security before enforcing the guaranty. As the Supreme Judicial Court

> explained as long ago as *Roth v. Adams*, 185 Mass. 341, 343, 70 N.E. 445 (1904), where the "punctual performance on the part of the [principal] of the covenants of the [contract] was guaranteed," failure by the principal to make payment "at the time when it became due and payable would be a breach of his covenant, and a cause of action would accrue to the [obligee] against the defendant."

*JB Mortg. Co., LLC v. Ring*, 56 N.Ee.3d 866, 869-70 (Mass. App. Ct. 2016). As in *Ring*, the guaranty promised the borrower would make all payments due and owing under the Note and any supplements thereto, which would include the March 12, 2012 extension payment due on April 15, 2012. The Court finds as a matter of law that executing a post-dated check and stopping payment on the same is not receipt of the money and would give rise to a claim against the guarantor. Furthermore, in light of the concession that the April 15, 2012 extension payment was not timely received, the Court finds that a cause of action accrued against Defendant Beard Oil Company on April 15, 2012, without regard to any demand or acceleration by Ardmore Investments 2010, LLC. *See also* Restatement *Second of Security* § 120 ("The principal and the surety each has his own obligation to the creditor. When the time for performance by each has arrived, the Statute of Limitations begins to run in his favor."); Restatement (third) of Suretyship and Guaranty, § 65 (same).[5] Consistent with *Cadle Co. v. Bianco*, the Court finds that the default by the principal occurred on April 15, 2012, accrual of a claim against Defendant Guarantor in favor Ardmore Investments 2010, LLC was on that same date, and this action was not timely filed. Defendant is therefore entitled to summary judgment.

---

[5] For this same reason the Court rejects any attempt by Plaintiff to rely on Greg Conner's payments in July 2012 to make the Note "current" as impacting the accrual of a cause of action against Defendant Beard Oil Company.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (Doc. No. 28) is hereby GRANTED. Plaintiff's Motion for Summary Judgment is DENIED. (Doc. No. 27).

IT IS SO ORDERED this 27th day of June 2018.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE