IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GKC BEARD INVESTMENTS, LLC, )
a Florida Limited Liability Company, )
                             )
               Plaintiff, )
                             )
v.                         )      Case No. CIV-17-562-R
                             )
BEARD OIL COMPANY, a )
Delaware Corporation, )
                             )
               Defendant. )

## ORDER

Before the Court is the Motion for New Trial (Doc.No. 55) filed by Plaintiff, GKC Beard Investments, LLC. Therein Plaintiff requests that the Court reconsider its June 27, 2018 Order granting summary judgment to the Defendant premised on the conclusion that the statute of limitations had expired by the time Plaintiff filed this action to recover against Defendant. By that same Order and premised on the same argument, the Court denied Plaintiff's Motion for Summary Judgment.

Rule 59(e) is an appropriate vehicle to review the court's order and judgment as the rule allows the court to alter or amend a judgment. The purpose of a motion under Rule 59(e) is "to correct manifest errors of law or to present newly discovered evidence." *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) (internal quotation marks omitted). "Rule 59(e) motions may be granted when 'the court has misapprehended the facts, the party's position,

or the controlling law.' *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

As the parties are aware, the issue presented is when did the claim against Beard Oil Company accrue for purposes of enforcing the Unconditional and Continuing Guaranty and Indemnity Agreement, which included the following:

> **Section 2.1** The Guarantor hereby absolutely and unconditionally guarantees to the Lender (a) the full and prompt payment of the principal, interest, premiums, penalties and late charges, if any, required to be paid by Borrower pursuant to the Note and/or Loan Documents or any renewals, replacements, extensions or modifications thereof when and as the same shall become due, whether at the stated maturity thereof, by acceleration or otherwise, and (b) the full and prompt performance of all other obligations, if any, required to be performed by the Borrower pursuant to the Note and/or Loan Documents as and when the same shall become due . . . .

Doc. No. 27-3. Plaintiff argues that in granting summary judgment to Defendant the Court erred in concluding that the Note was in default on April 15, 2012, because the principal, Beard Oil Equipment Company was not "in default" until such time as the holder (at the time Ardmore Investments 2010, LLC) elected to accelerate the debt, which, at the earliest, would have been June 22, 2012; this case filed on May 15, 2017 was therefore timely.[1] Plaintiff additionally argues that the payment due on April 15, 2012, was not due on the original note, but rather was a payment owed to secure the March 12, 2012 extension of

---

[1] The Note includes the following clause granting the holder the option to accelerate the debt:
> At the option of the Holder, the unpaid balance of this Note, and all other obligations of the Maker to the Holder, whether direct or indirect, absolute or contingent, now existing or hereinafter arising, shall become immediately due and payable without presentment, protest, notice or demand upon the occurrence of one or more of the following events or conditions ("Default"). . . . any payment required by this Note or any other note or obligation of the Maker to the Holder or to others is not made when due in the amount require.

(Doc.No. 27-2, p. 3).

the note, a separate contract. Plaintiff argues that the underlying dispute involves two separate contracts, the original note and the extension.

At the outset, the Court notes its disagreement with Plaintiff's contention that the Note and Extension are separate contracts given the following provision of the March 12, 2012 Extension:

> IT IS MUTUALLY AGREED by and between the parties hereto that this Agreement shall become part of the Note and Mortgage by reference and that nothing herein shall impair the security now held for said indebtedness.

Doc.No. 33-4, p. 5. Accordingly, there is but one contract with regard to the underlying debt, although it incorporates various extensions by reference. The issue here is the relationship between two separate but related contracts, the underlying Note and the Guaranty.

Regardless, the Court finds that because Plaintiff did not accelerate the debt with regard to the underlying contract until at least June 22, 2012, the only claim accrued against Beard Oil Equipment Company and therefore the guarantors, involved the April 15, 2012 extension payment.[2] In *Oklahoma Brick Corp.,* the court addressed a note with a voluntary

---

[2] Plaintiff argues this contract is an installment contract, clearly premised on the fact that payments of interest were to be made monthly, that is in installments. In *Oklahoma Brick Corp.. v. McCall*, 497 P.2d 215 (Okla. 1972), the court addressed an earlier decision of the Oklahoma Supreme Court discussing the statute of limitations as applicable to a note which required only the payment of interest and taxes with the entire principal payable at maturity.

> *Union Central Life Insurance Company v. Adams*, 169 Okl. 572, 38 P.2d 26 (1934), holds, in syllabus No. 2, as follows:
>> 'Where the note and mortgage provides for acceleration, the statute of limitation does not begin to run from the date of partial default, but only from the maturity of the full principal or of the last installment of the principal, unless the creditor elects to declare the whole amount due.'
> This syllabus states a rule of law not warranted by the facts and not necessary to the decision in the case. The principal of the note was not payable in installments, but had a single maturity date; and the action commenced within five years of the maturity date of the note. The only question actually decided was whether a letter written by the creditor was sufficient to constitute an election to accelerate the maturity of the note after the debtor failed to pay an interest installment.

acceleration clause, indicated by language granting the holder the option of determining whether the entire debt became owing on the failure to pay any installment. The debtor asserted that the statute of limitations barred collection. 497 P.2d at 216. The court concluded that the statute of limitations begins to run on each installment of an installment note on the day following the maturity of that installment. 497 P.2d at 217. This of course does not necessarily answer the question of when the cause of action against the guarantor Beard Oil Company accrued for purposes of starting the statute of limitations.

The Court notes its prior reliance on Okla. Stat. tit. 15 § 332 and *Cadle Co. v. Bianco*, 849 P.2d 437 (Okla. Civ. App. 1992), wherein the court noted that the statute of limitations begins to run when a cause of action accrues; and further, that a guarantor is immediately liable upon default of the principal. In *Cadle*, the court did not set forth the terms of the underlying loan document nor the type of default; *i.e.*, whether the original debtor failed to make interest payments, as in *Union Central Life,* or whether the payments constituted both principal and interest. Further, the case against the guarantors was not pursued until five years after the judgment was entered against the underlying debtors.

This case is similar to *City of Lincoln v. Hershberger*, 725 N.W.2d 787 (Neb. 2007), wherein the court considered the statute of limitations with regard to guarantors when the

---

*Id*. at 216. Here, the same holds true, and thus it appears the underlying Note might not truly be an installment contract under Oklahoma law. Regardless, the outcome herein regarding the timeliness of Plaintiff's claim would be the same, because this action was filed within five years of the September 12, 2012, maturity date pursuant to the March 12, 2012 Note and Mortgage Extension Agreement. *See also Id.* at 216-17 (differentiating *Core v. Smith*, 102 P. 114, 118-119 (1909), because no default on an installment was involved when the debtor missed payments of interest on an interest-only note with an acceleration clause providing that the entire obligation, including principal, would be due upon failure to pay interest or taxes in a timely manner, which the court construed as optional despite mandatory language).

debtor failed to make any payments on a loan with terms establishing interest-only payments for two years, followed by principal-and-interest payments for an additional five years. The lender, the City of Lincoln, declared default in 1995 and gave the notice of default to the guarantors as required by the guaranty. Four years later, the City sued both the debtor and the guarantors, who asserted the claim was barred by the five-year statute of limitations because no payments had ever been made on the contract, and therefore, the claim against them accrued on June 8, 1993, the date the contract was signed. *Id.* at 789-90. On appeal, the case was reversed and remanded for a determination of when the debtor defaulted, because there, as here, the statute of limitations began to run on the guaranty when the cause of action accrued, which was defined by reference to when the principal debtor defaulted. *Id.* at 790. On remand, the court again granted summary judgment to the guarantors, finding that the optional acceleration clause in the financing agreement, an installment contract, answered the question of when the cause of action accrued against the guarantors. The appellate court reversed again, finding that the statute of limitations began to run only as to unpaid installments, not the entire debt, absent acceleration.

> [W]here a contract contains an option to accelerate, the statute of limitations for an action on the whole indebtedness due begins to run from the time the creditor takes positive action indicating that the creditor has elected to exercise the option. (citation omitted)

*Id.* at 791. The court concluded that, although the defendants were guarantors rather than original debtors, the guarantor stepped into the debtor's shoes and therefore, the same analysis applied, and the statute of limitations began to run when the creditor exercised its right to accelerate the debt. As a result, the claim against the guarantor was timely. *See also*

*Phoenix Acquisition Corp. v. Campcore, Inc.*, 612 N.E.2d 1219, 1220 (N.Y. 1993)("The fact that [creditor] had a bargained-for, exclusive acceleration option to call the entire indebtedness due immediately upon any default does not, by operation of law, trigger the accrual of a cause of action for portions of the indebtedness which neither the debtor nor the guarantor were then liable to pay.").

The Court acknowledges Defendant's position that defaulting on the March 12, 2012, Note and Mortgage Extension Agreement's first payment, due on April 15, 2012, precludes a finding that the maturity date of the Note was September 12, 2012, but rather remained March 12, 2012 as a result of the default. (Doc.No. 42, p. 7). Although the Loan Extension required the payment of certain fees, the extension clearly did not contemplate that such fees would act as a condition precedent to extension of the maturity date; the first extension payment was not due until one month after expiration of the March 12, 2012 maturity date.

The Court finds that summary judgment was improvidently granted to Defendant on the basis of the statute of limitations; therefore, the Court need not consider the remaining arguments set forth in Plaintiff's Motion for New Trial. For the reasons set forth herein, the Motion is hereby GRANTED. Additionally, because Defendant did not dispute the material facts related to the underlying debt remaining unpaid and its status as guarantor, Plaintiff is entitled to summary judgment with regard to any payments due after May 15, 2012. The Court's June 27, 2018 Order and accompanying Judgment (Doc.Nos. 51 and 52) are hereby VACATED and a new judgment in favor of Plaintiff shall be entered accordingly.

IT IS SO ORDERED this 2nd day of October 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE